**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| ANDREW CLEMONS TOMPKINS, | **Case No.:** |
| Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Andrew Clemons Tompkins ("Plaintiff"), by and through the undersigned counsel, brings this action against Experian Information Solutions, Inc. ("Experian").

## INTRODUCTION

1.      This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

## PARTIES

2.      Plaintiff is a natural person residing in Nashville, Tennessee, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3.      Experian is a consumer reporting agency that maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626. Experian can be served through its registered agent, C T Corporation System, located at 330 North Brand Boulevard, Glendale, California 91203.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## FACTS

### Plaintiff Discovers Experian's Inaccurate Reporting

6.     In or around June 2025, Plaintiff endeavored to make efforts to build his credit following a difficult financial period.

7.     In or around June 2025, Plaintiff was shocked to discover inaccurate and derogatory information on his consumer report furnished by Defendant.

8.     Specifically, Plaintiff found that Defendant was and is reporting two student loan accounts with non-party Central Research, Inc. ("CRI") on his Experian consumer report as follows (the "Inaccurate Accounts"):

> (a)     Account Name: Central Research, Inc./DOE
> Account Number: 510000XXXXXXXXX
> Date opened: 09/25/2011
> Balance: $982
> Status: $89 past due as of May 2025

> (b)     Account Name: Central Research, Inc./DOE
> Account Number: 510000XXXXXXXXX
> Date opened: 08/22/2012
> Balance: $1,225
> Status: $95 past due as of May 2025

9.     Defendant further reported an address and two Social Security Numbers which do not belong to Plaintiff (the "Inaccurate Identifiers").

10.     The Inaccurate Accounts and Inaccurate Identifiers do not belong to Plaintiff, but rather to an entirely different consumer with a different name, date of birth, social security number,

and address than Plaintiff (the "Non-Consumer").

11.　　In or around June 13, 2025, Plaintiff reached out to CRI to inquire about the Inaccurate Accounts.

12.　　Upon information and belief, a representative of CRI informed Plaintiff that the Inaccurate Accounts do not belong to him and should not be reported on his consumer report.

**Plaintiff's June 2025 Dispute with Experian Regarding the Inaccurate Accounts**

13.　　In or around June 2025, Plaintiff disputed the Inaccurate Accounts and Inaccurate Identifiers with Experian and requested that they be removed from his consumer report (the "First Dispute").

14.　　On July 3, 2025, Experian responded to Plaintiff's First Dispute, stating that they had verified the Inaccurate Accounts as accurate and even updating them to reflect a greater late payment period.

15.　　Upon information and belief, Defendant failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

16.　　Upon information and belief, Defendant failed to conduct a reasonable reinvestigation of Plaintiff's First Dispute.

17.　　Thereafter, Defendant failed to correct or delete the Inaccurate Accounts and Inaccurate Identifiers appearing in Plaintiff's credit file.

18.　　Experian failed to conduct a reasonable reinvestigation of Plaintiff's First Dispute tendered June 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff's July 2025 Dispute with Experian Regarding the Inaccurate Accounts**

19.     On July 8, 2025, Plaintiff once again reached out to non-party CRI to confirm the Inaccurate Accounts do not belong to him.

20.     During the call with a representative with CRI, Plaintiff provided his personal identifying information, after which it was confirmed the Inaccurate Accounts do not belong to him.

21.     On July 14, 2025, Plaintiff submitted another dispute to Experian, identifying himself and requesting that they remove the Inaccurate Accounts and Inaccurate Identifiers from his consumer report (the "Second Dispute").

22.     On or around August 15, 2025, Experian responded to Plaintiff's First Dispute, stating that they had verified the Inaccurate Accounts as accurate and continued to report them.

23.     Experian stopped reporting the unfamiliar address from the Inaccurate Identifiers, but continues to report the two unfamiliar Social Security Numbers.

24.     Upon information and belief, Defendant failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

25.     Upon information and belief, Defendant failed to conduct a reasonable reinvestigation of Plaintiff's First Dispute.

26.     Thereafter, Defendant failed to correct or delete the Inaccurate Accounts and Inaccurate Identifiers appearing in Plaintiff's credit file.

27.     Experian failed to conduct a reasonable reinvestigation of Plaintiff's Second Dispute tendered July 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff Applies for Credit with Discover Bank**

28.     Plaintiff felt shocked that Experian was still reporting the Inaccurate Accounts and Inaccurate Identifiers on his consumer report after having filed two disputes with Experian.

29.     Plaintiff had hoped to apply for credit earlier, but put it off in hopes of Experian correcting their reporting following his disputes.

30.     Feeling desperate and dejected, Plaintiff had no choice but to apply for credit with non-party Discover Bank despite Experian's continued inaccurate reporting.

31.     In or around August 2025, Plaintiff submitted an application for credit with non-party Discover Bank.

32.     For Discover Bank to make a determination on Plaintiff's credit application, it would need to obtain copies of his credit files.

33.     Plaintiff provided Discover Bank with his personal identification information and authorized it to obtain copies of her credit files.

**Discover Bank Denies Plaintiff's Application for Credit**

34.     On September 1, 2025, Discover Bank issued an Adverse Action Notice ("AAN") to Plaintiff.

35.     Within that letter, Discover Bank communicated that it had denied Plaintiff's credit application due to information reported by Defendant.

36.     Specifically, Patriot's AAN cited to "SERIOUS DELINQUENCY; TIME SINCE DELINQUENCY TOO RECENT OR UNKNOWN, NUMBER OF ACCOUNTS WITH DELINQUENCY; TOO FEW ACCOUNTS CURRENTLY PAID AS AGREED."

37.     Upon information and belief, Discover Bank's decision to deny Plaintiff's credit application was based entirely on Experian's reporting of the derogatory Inaccurate Accounts.

38.     By reporting inaccurate information in the credit file presumably about Plaintiff, despite the fact that the information does not belong to Plaintiff, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

## Plaintiff's Damages

39.     At all relevant times, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

40.     Defendant is aware of its shortcomings of its procedures and intentionally choose not to comply with the FCRA to lower its costs. Accordingly, Defendant's violations of the FCRA were willful.

41.     The inaccurate information remained on Plaintiff's file despite his persistent efforts to have it corrected, resulting in further financial setbacks and personal humiliation.

42.     This situation has caused not only financial harm but also psychological and emotional trauma, severely impacting the Plaintiff's mental health, stability, and dignity.

43.     Plaintiff suffers from severe and chronic medical conditions which have been exacerbated by the stress Experian's inaccurate reporting and Plaintiff's efforts to have the reporting corrected.

44.     Plaintiff had hoped to get credit to finance the purchase of a new vehicle, but fears further denials and their effect on his credit, and so has held off on further credit applications.

45.     This chilling effect on Plaintiff's credit applications has caused him further financial harm and emotion distress.

46.     Further, the financial strain caused by the negative impact on Plaintiff's credit has

further burdened Plaintiff as he tries to treat his ongoing medical conditions.

47.     As a result of Defendant's conduct, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment.

**CLAIMS FOR RELIEF**
**COUNT I**
**Violations of 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

48.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

49.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure "maximum possible accuracy" in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff, when it prepared consumer reports concerning Plaintiff that contained false information.

50.     Defendant sold or otherwise published such false reports to one or more third parties, damaging Plaintiff's reputation and creditworthiness.

51.     If Defendant followed reasonable procedures to assure maximum possible accuracy in their consumer reports, it would not have published the inaccurate derogatory information about Plaintiff, especially defendant was on notice of the inaccuracy after Plaintiff's substantiated disputes.

52.     Due to the violations of the FCRA by Defendant, Plaintiff suffered damages as described herein.

53.     Defendant's violations were willful, rendering defendant liable for actual and/or

statutory damages, as well as punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. Alternatively, these violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

54.     Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### Violations of 15 U.S.C. § 1681i – Failure to Perform a Reasonable Reinvestigation

55.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein

56.     Defendant violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) and by failing to maintain reasonable procedures to investigate Plaintiff's dispute(s).

57.     Due to the violations of the FCRA by Defendant, Plaintiff suffered damages as described herein.

58.     Plaintiff provided adequate and substantiated information to Defendant to correct their inaccurate reporting.

59.     After Plaintiff sent disputes to Defendant, Experian failed to correct its inaccurate reporting, despite Plaintiff's substantiated disputes that the two Central Research accounts do not belong to Plaintiff.

60.     Defendant's violations were willful, rendering each defendant liable for actual and/or statutory damages, as well as punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. Alternatively, these violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61.     Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

8

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding against Defendant actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA;

iv. Ordering Defendant to:

   a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom the CRA Defendants reported consumer credit information; and

   b. send updated and corrected credit report information to all persons and entities to whom the CRA Defendants reported inaccurate information about Plaintiff within the last three years; and

v. Granting further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: October 28, 2025

/s/Jonathan Krikheli
Jonathan Krikheli, NY Bar # 6175988
*Pro Hac Vice Forthcoming*
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing, NY 11367
T: (718) 701-4649
F: (718) 247-8020
E: ykrikheli@consumerattorneys.com

/s/ William M. Kaludis
William M. Kaludis, Bar# 17433
SHIELD LAW GROUP
515 Maryland Way, Suite 911
Brentwood, TN 37027
T: (615) 742-8020
E: bill@shieldlawgroup.com

*Attorneys for Plaintiff*
*Andrew Clemons Tompkins*